**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LLOYD RANDALL,

    Petitioner,                                CIVIL CASE NO. 07-15220
v.                                          HONORABLE PAUL V. GADOLA
                                             UNITED STATES DISTRICT JUDGE

THOMAS BIRKETT,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Lloyd Randall, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for two counts of armed robbery, M.C.L. § 750.529. For the reasons stated below, Petitioner's application for writ of habeas corpus is dismissed without prejudice.

**I.**     **Background**

Petitioner was convicted of two counts of armed robbery and acquitted of one count each of felon in possession of a firearm and possession of a firearm in the commission of a felony [felony-firearm] following a jury trial in the Wayne County Circuit Court.

Petitioner appealed his conviction to the Michigan Court of Appeals, in which he raised the following ground:

> I. Should Defendant-Appellant's convictions for armed robbery be reversed because there was insufficient evidence to find for these convictions, based on the decision of the jury in finding defendant not guilty of felony firearm and felon in possession

1

of a firearm?[1]

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Randall*, No. 266083 (Mich. Ct. App. Feb. 6, 2007).

Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same sufficiency of evidence claim that he raised in his appeal before the Michigan Court of Appeals, but for the first time also argued that the evidence was insufficient to establish his identity as one of the perpetrators, because the identification procedure was unduly suggestive and the victims' in-court identifications should therefore have been suppressed.[2] The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Randall*, 733 N.W.2d 52 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

Defendant-Appellant's convictions for armed robbery should be reversed because there was insufficient evidence to find for these convictions, based on the decision of the jury in finding defendant not guilty of felony firearm and felon in possession of a firearm.

In the supporting facts section of his petition, Petitioner makes the following argument:

No testimony supporting the theory that Petitioner was armed with a dangerous weapon. Identification technique was improper and unduly suggestive because police showed complainants a single photo of both suspects, a mug shot, and asked if they were the suspects that robbed them. Without proper identification, Petitioner cannot be held responsible for the crimes charged.

**II.     Discussion**

---

[1] *See* Appellant's Brief on Appeal, attached to the Petition for Writ of Habeas Corpus.

[2] *See* Pro Per Application for Leave to Appeal to the Michigan Supreme Court, pp. 13-14, attached to the Petition for Writ of Habeas Corpus.

2

The instant petition is subject to dismissal because it contains a claim which has not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *see also Reaves v. Hofbauer*, 433 F. Supp. 2d 833, 834 (E.D. Mich. 2006). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Id.*; *see also Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner claims that there was insufficient evidence presented to establish that he was armed with a dangerous weapon, in light of the fact that the jury acquitted him of the felony-firearm and felon in possession of a firearm charges. This claim was presented to both the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner also claims that the evidence was insufficient to establish his identity as one of the perpetrators, because the pre-trial identification procedure employed by the police was unduly suggestive. Petitioner, however, did not present this sufficiency of evidence theory before the Michigan Court of Appeals, raising it only for the first time

in his application for leave to appeal to the Michigan Supreme Court.

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *See Lawrence v. Will Darrah & Assocs., Inc.*, 516 N.W. 2d 43, 44 n.2 (1994); *Butcher v. Treasury Dep't.*, 389 N.W. 2d 412, 418 (1986). Therefore, Petitioner's failure to raise his claim that there was insufficient evidence to establish his identity due to the allegedly suggestive identification procedure in his appeal to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the issue in his application for leave to appeal.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Petitioner failed to present his claim that the evidence was insufficient to establish his identity due to the suggestive identification procedure in his appeal with the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 844, n.5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977); *see also Ellison v. Brown*, 16 F.3d 1219, 1994 WL 43440, at *2 (6th Cir. Feb. 14, 1994). Because Petitioner presented this portion of his sufficiency of evidence claim to the Michigan Supreme Court but not to the Michigan Court of Appeals, this portion of his sufficiency of evidence claim has not been properly exhausted with the Michigan courts.

Moreover, the mere fact that Petitioner raised a claim before the Michigan Court of Appeals

that there was insufficient evidence to establish that he was armed with a weapon would be insufficient to exhaust his sufficiency of evidence claim concerning the prosecutor's failure to establish his identity as one of the perpetrators due to the allegedly tainted identification procedure. The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

"[I]nsufficiency of the evidence is too broad and malleable an objection" to hold that challenging the sufficiency of the evidence on one theory in the state courts is enough to preserve for federal habeas review a challenge to the sufficiency of evidence on a factually and legally distinct theory never fairly presented to the state courts. *See Johnson v. Alabama*, 256 F.3d 1156, 1170 (11th Cir. 2001). In his appeal before the Michigan Court of Appeals, Petitioner alleged that there was insufficient evidence to establish that he was armed with a dangerous weapon, so as to sustain his armed robbery convictions. By contrast, Petitioner now also contends that there was insufficient evidence presented to establish his identity as the perpetrator, in light of the allegedly suggestive identification procedure. Because Petitioner never presented this particular sufficiency of evidence claim on his direct appeal before the Michigan Court of Appeals, it has not been

exhausted with the state courts. *See Jones v. Maloney*, 644 F. Supp. 146, 148-49 (D. Mass. 1986).[3]

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claim that the prosecution failed to prove his identity so as to sustain his conviction. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis*, 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust this claim by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for a petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow a petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber*, 544 U.S. 269 (2005),

---

[3] Moreover, to the extent that Petitioner is raising an independent claim involving the alleged suggestiveness of the pre-trial identification procedures, this claim has clearly not been exhausted with the state courts.

there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending Petitioner's return to the state courts to exhaust his claim, rather than dismissing it without prejudice. In this case, the Michigan Supreme Court denied Petitioner's application for leave to appeal on June 26, 2007. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, Petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on September 24, 2007. *See Fugate v. Booker*, 321 F. Supp. 2d 857, 860 (E.D.Mich. 2004).

Petitioner filed the instant petition with this Court on or about December 7, 2007, after only seventy four days had elapsed on the one year statute of limitations. This Court is dismissing the petition without delay so that Petitioner can return to the state courts to exhaust this claim. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by a petitioner. *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Because Petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled

during the pendency of Petitioner's state post-conviction proceedings, Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder*, 156 F. Supp. 2d at 845-46. Accordingly, the Court will dismiss the instant petition without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus [docket entry #1] is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated:  December 18, 2007              s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  December 18, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                              ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:       Lloyd Randall                        .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845